## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60501-CIV-TORRES

CONSENT CASE[1]

CINDY MANRIQUE,

        Plaintiff,

vs.

JOSEPH FAGAN,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE JURY DEMAND

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Demand for Jury Trial. [D.E. 64]. The Court has reviewed the motion, Plaintiff's responses (to an ore tenus motion at a hearing [D.E. 61] as well as to the written motion that followed [D.E. 80]), Defendant's reply, and the record in the case. For the foregoing reasons the motion is denied.

### I.  BACKGROUND

Plaintiff filed this *in personam* maritime personal injury case in the 17th Judicial Circuit in Broward County, Florida on or about March 13, 2008, under the "saving to suitors" clause, 28 U.S.C. § 1333(1). On April 7, 2008, Defendant filed his Notice of Removal. [D.E. 1]. The Notice of Removal alleged removal jurisdiction based

---

[1]The Parties have stipulated to the full exercise of jurisdiction by the undersigned Magistrate Judge to conduct any and all further proceedings in this case, including trial. [D.E. 35, 36].

on federal question jurisdiction, 28 U.S.C. § 1331, and admiralty jurisdiction, 28 U.S.C. § 1333.   Neither Plaintiff's Complaint nor Defendant's Notice of Removal made a demand for jury trial.   Then on April 11, 2008, Defendant filed his Answer and Affirmative Defenses that expressly included a demand for jury trial. [D.E. 4].

In the Court's Amended Scheduling Order [D.E. 41], the Parties were required to submit a joint pre-trial stipulation by January 12, 2009.   Plaintiff and Defendant filed unilateral pre-trial stipulations on January 12, 2009 and January 13, 2009, respectively.   The unilateral stipulations were substantially similar, except Plaintiff's listed a "jury trial" and Defendant's only a "trial." [D.E. 51, 52].

Thereafter, on January 15, 2009, during a status conference, Defendant further voiced his opposition to Plaintiff's request for a jury trial. [D.E. 59].   Subsequently, the Defendant formally moved in writing to strike the jury demand and Plaintiff responded, arguing for and against a jury trial. [D.E.  64, 61].   Plaintiff argues the "saving to suitors" clause in 28 U.S.C. § 1333(1) preserves her right to a jury trial  in federal court under these circumstances.   Defendant contends, however, that this is a federal admiralty case, arising solely under federal admiralty jurisdiction, and no right to a jury trial exists.

The Court held a pre-trial conference on March 5, 2009 to resolve various outstanding motions.   While not a main focus, the Parties discussed this jury matter during the conference.   Plaintiff pointed out that, regardless of general admiralty jurisdiction precluding a jury trial, that the Parties are diverse and this Court could permit a jury trial under diversity jurisdiction. Subsequently, Plaintiff filed two supplemental briefs in support of a jury trial [D.E. 80, 82] echoing this argument

relating to diversity jurisdiction. [D.E. 80. 82].   Defendant contends that this case remains in admiralty and Plaintiff may not invoke diversity jurisdiction at this time. [D.E. 81].

At the pretrial conference, the Court determined that it would convene, at the very least, an advisory jury in its discretion if the case had to proceed in admiralty. The parties are thus preparing for trial assuming that a jury will be participating in the case.  The remaining question before the Court now is whether that jury's verdict will remain advisory, or whether it will be a binding and enforceable finding of fact in the case.

## II.  ANALYSIS

### A.   *Jurisdiction and Removal*

Under the "saving to suitors" clause, 28 U.S.C. § 1333(1), a plaintiff may choose its preferred forum to bring an *in personam* maritime claim, in either state court or as a civil action in federal court under that court's original federal admiralty jurisdiction, 28 U.S.C. § 1333. *See Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F. 3d 1318, 1322 (11th Cir. 2001).   Because of the "saving to suitors" clause, these courts share concurrent jurisdiction over these maritime matters.  *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222 (1986); *see also Sebastian Tow Boat & Salvage, Inc. v. Slavens*, No. 6:02-CV-759-ORL31JGG, 2002 WL 32063121, at *1 (M.D. Fla.  Oct. 15, 2002).  A plaintiff's choice is important because it will affect various procedural aspects and remedies available to the parties, especially the right to a jury trial.[2]

---

[2]An outline of the different rules invoked under admiralty jurisdiction in federal court is located at Fed. R. Civ. P. Supplemental Rules A-G.

If a plaintiff chooses to initiate a maritime *in personam* action in state court, a defendant may, under certain circumstances, remove the case to federal court. A defendant may properly remove a case by alleging federal question jurisdiction, 28 U.S.C. § 1331 and/or federal diversity jurisdiction, 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441. Removal pursuant to these statutes will place the maritime case in the federal court's "law side," thus preserving a plaintiff's right to demand jury trial (secured by first filing the action in state court). *Lewis v. Lewis & Clark Marine,* Inc., 531 U.S. 438 (2001). But, a problem develops when a defendant removes a case based solely on federal admiralty jurisdiction, 28 U.S.C. § 1333.

Ordinarily, if this happens, a plaintiff will invoke the "saving to suitors" clause and remand the case back to state court. *See J.J. Ryan & Sons, Inc. v. Continental Insurance Co.*, 369 F. Supp. 692, 695 (D.S.C. 1974) (granting remand when defendant improperly removed an admiralty case to federal court without independent jurisdictional grounds). If a plaintiff fails to remand, however, the case will be deemed to have moved to the federal court's "admiralty side," thus removing plaintiff's right to a jury trial. *See Wilson v. Suzuki of Orange Park, Inc.*, No. 305-CV-469-J32TEM, 2005 WL 3372839, at *5 (M.D. Fla. Dec. 12, 2005); *see also Dao v. Knightsbridge Int'l Reinsurance* Corp., 15 F. Supp. 2d 567 (D.N.J. 1998). Thus, the "saving to suitors" clause specifically functions to prevent this occurrence by permitting a plaintiff to remand the case when the sole basis of removal is admiralty jurisdiction. *Wilson*, 2005 WL 3372839 at *4.

If a plaintiff fails to remand within 30 days of removal, then the plaintiff is deemed to have waived its objection to improper removal and submitted to the court's

federal admiralty jurisdiction, along with all the rules and procedures that jurisdiction entails. 28 U.S.C. § 1447; *see Dao v. Knightsbridge Int'l,* 15 F. Supp. 2d at 572 ("removal in violation of *Romero* is a *waivable defect in removal*, not a non-waivable limit on the district court's subject matter jurisdiction). In effect, while the "saving to suitors" clause aims to protect a plaintiff's choice of forum, this protection is not self-executing. This clause benefits plaintiffs, but only by preserving the remedy and not the forum. *See Metro. Dade County v. One Bronze Cannon*, 537 F. Supp. 923 (S.D. Fla. 1982). Absent a remand, federal courts have original subject matter jurisdiction over all admiralty cases and may adjudicate these cases through traditional remedies in spite of this clause. *See, e.g., Wilson v. Suzuki of Orange Park, Inc.*, 2005 WL 3372839 at *5. Therefore, a plaintiff must move for remand within this 30 day window to preserve its right to a jury trial when, otherwise, only admiralty jurisdiction exists in federal court.

This case falls into the unusual situation where an *in personam* maritime case is removed from state court, solely on admiralty grounds, and Plaintiff fails to remand to state court, despite the "saving to suitors" clause. Here, Plaintiff filed its single maritime negligence claim in state court, which guaranteed Plaintiff's right to a jury trial on its negligence claim. *See* Fla. Const. art. I, § 22. Then, Defendant removed the case alleging federal question jurisdiction, 28 U.S.C. § 1331, and admiralty jurisdiction, 28 U.S.C. § 1333, as grounds for removal.

Again, however, removal was defective in this context because an admiralty case does not fall under federal question jurisdiction. *See Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959); *Leonard v. Kern*, 651 F. Supp. 263 (S.D. Fla. 1986).

Plaintiff could have relied on the "saving to suitors" clause to remand Defendant's defective removal.  Nevertheless, Plaintiff failed to remand in 30 days and waived its objection to removal jurisdiction.[3]  As such, this action lies in federal court under admiralty jurisdiction – a placement that *normally* precludes jury trials.  Furthermore, based solely on admiralty jurisdiction, the "saving to suitors" clause is, by itself, powerless to provide Plaintiff its jury trial in federal court.

### B.    *Independent Basis of Federal Jurisdiction Supports a Jury Trial*

Yet, in spite of the foregoing, the Court may permit a binding jury trial in this unique case.  The original complaint filed in state court by a Michigan citizen sued a Florida citizen and that individual's Michigan corporation.  The parties were, thus, not diverse.  On August 25, 2008, this Court, *sua sponte*, dismissed non-diverse Defendant J.F. Sales, Co. because Plaintiff failed to execute service of the summons and complaint upon this Defendant pursuant to Federal Rules of Civil Procedure 4(m). [D.E. 37].  By operation of this order, the parties in this case became completely diverse, thereby opening the door to an independent basis of jurisdiction i.e., diversity jurisdiction.  And

---

[3]The Court notes, however, that had Plaintiff decided not to remand based on its reliance on Defendant's jury demand in Defendant's Answer, the Court could have granted Plaintiff's jury demand based on principles of estoppel and detrimental reliance.  Plaintiff had a right to a jury trial by filing in state court.  Defendant cannot later argue that no right to a jury trial exists in admiralty by demanding a jury trial during the 30 day remand window because, if Plaintiff relied on such a demand, Plaintiff would effectively lose its right to a jury trial.  Therefore, by filing its Answer and jury demand within 30 days of its Notice of Removal, Plaintiff could have relied on this demand to preserve a jury trial rather than remanding the case back to state court.  However, Plaintiff made it clear to the Court during the pre-trial conference that Plaintiff did not rely on Defendant's jury demand when Plaintiff decided not to remand the case.  Therefore, the Court could not grant Plaintiff's demand for a jury trial on those grounds.

it is settled that, pursuant to the "saving to suitors" clause, a federal court, on diversity grounds, may adjudicate an *in personam* maritime action and afford the parties non-maritime "at-law" remedies, including a jury trial. *See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines*, 369 U.S. 355, 359-360 (1962); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F. 3d 150 (5th Cir. 1996); *In re Chimenti*, 79 F.3d 534 (6th Cir. 1996); *Jordine v. Walling*, 185 F.2d 662 (3d Cir. 1950); *Scurlock v. American President Lines, Limited*, 162 F. Supp. 78 (N.D. Cal. 1958); *Matter of Armatur, S.A.*, 710 F. Supp. 404 (D.P.R. 1989); *Bacon v. Bunting*, 534 F. Supp. 412 (D. Md. 1982).

To rely here on this independent basis of subject matter jurisdiction in diversity, the Court must affirmatively answer two questions: (1) does the Court, in fact, have diversity jurisdiction to adjudicate this matter; and, (2) upon concluding diversity jurisdiction exists, may the Court proceed under this basis of jurisdiction and provide Plaintiff with the jury trial it demands. After reviewing the Parties' motions, the record, and considering the competing policies involved, this Court answers both questions affirmatively and grants Plaintiff's demand for a jury trial.

As of August 25, 2008, the Court had diversity jurisdiction over this matter. 28 U.S.C. § 1332. "Federal courts are courts of limited jurisdiction" and may only exercise jurisdiction allowed under the Constitution when "authorized by ... statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to its Article I powers, see U.S. Const. art. I, § 8, the United States Congress has vested federal courts with original jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and claims in which certain amount in controversy and diversity of citizenship criteria are met, see 28 U.S.C. § 1332. In

order to invoke a federal court's diversity jurisdiction, two independent prongs must be met. 28 U.SC. § 1332.

First, every plaintiff must be diverse from every defendant. *Strawbridge v. Curtiss*, 3 Cranch 267(1806); *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1355 (11th Cir. 1996); 28 U.S.C. §1332. The Parties concede in their respective pleadings that Plaintiff is a citizen of Michigan and Defendant is a citizen of Florida. [D.E. 1]. As mentioned, the Court dismissed non-diverse Defendant D.F. Sales. Co., from the case on August 25, 2008 and, thus, the remaining Parties are completely diverse.[4]

Second, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See, e.g., AAA Abachman Enterprises, Inc. v. Stanley Steemer Intern., Inc.* 268 Fed. Appx. 864, 866 (11th Cir. 2008); 28 U.S.C. § 1332. The Court finds this prong is satisfied based on Plaintiff's complaint. [D.E. 1]. The Court finds additionally support for this prong in Plaintiff's pre-trial stipulation [D.E. 51] and by Plaintiff's counsel's statements in open court during the pre-trial conference.

---

[4]Ordinarily, of course, diversity jurisdiction is gauged only based upon the state of the record at the time the action is brought, and if removed at the time the petition for removal is filed. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004). This well-recognized "time of filing rule" has only exception:  a defect in the diversity of all party defendants may be cured by the later dismissal of the party that destroyed diversity. *Id.* at 572-73 (citing *Horn v. Lockhart,* 17 Wall, 570, 579 (1873); *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989)). That jurisdictional defect may be cured even on appeal through the dismissal of a dispensable non-diverse party. *Newman-Green,* 490 U.S. at 837. It is thus undisputed in this case that, even though diversity may not have arisen at the time of the filing of the complaint naming a non-diverse defendant, or at the time the petition for removal was filed, that defect was curable through the dismissal of that non-diverse defendant, J.F. Sales. Once that defendant was dismissed by the Court, it is clear that the Michigan plaintiff was in diversity with the Florida defendant.

In its complaint, Plaintiff asks for non-economic damages including "severe physician (sic) injury, pain and suffering, emotional and psychological distress, loss of enjoyment of life, reduced life expectancy, and other non-economic damages;" and, economic damages including "past and future doctor, hospital and other medical expenses, past and future wage loss and reduced future earning capacity." [D.E. 1, Plaintiff's complaint ¶¶ 20, 21]. In the pre-trial stipulation, Plaintiff calculated just her current medical and wage-related damages at $57, 510.42. Finally, during the pre-trial conference, Plaintiff's counsel asserted to the Court that it will seek damages in excess of "six figures" at trial. Thus, taken altogether, this Court finds that the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this prong of 28 U.S.C. §1332 is satisfied. As such, the Court answers the first question affirmatively, finding diversity jurisdiction over this matter.

After establishing this Court has both diversity and admiralty jurisdiction over this matter, may the Court "transfer" this case from the admiralty to diversity side of the docket and proceed "at law" rather than under admiralty? The Court concludes that there is no legal reason or overriding principle to support a restrictive view of its adjudicatory power forcing the Court to proceed solely in admiralty. First, Plaintiff took affirmative steps to ensure a jury trial by filing its claim in state court. Plaintiff's intent on having a jury trial was clear. Plaintiff filed its single maritime negligence claim in state court, entitling her to a jury trial on the negligence claim. Fla. Const. Art. I, § 22; *See also* Fla. R. Civ. P. 1.430 ("[t]he right of trial by jury as declared by the

Constitution or by statute shall be preserved to the parties inviolate.")[5] Therefore, to impose admiralty jurisdiction where an alternative basis exists would frustrate Plaintiff's intent on having a jury trial.

Second, the Court admittedly may not have relied on diversity jurisdiction initially. However, as this case is already in federal court under admiralty jurisdiction, the Court should not ignore diversity jurisdiction solely because it developed, properly, at a later time through the dismissal of a non-diverse defendant.

Furthermore, case law supports the Court's power to adjudicate this claim under diversity jurisdiction in these circumstances. If a plaintiff files an *in personam* action in federal court cognizable under diversity "at law" jurisdiction or admiralty jurisdiction, either party may demand a jury trial, unless the plaintiff has chosen to identify the claim as an admiralty or a maritime claim, as permitted by Federal Rule 9(h)(1). *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1057 (9th Cir. 1997); *contra Harrison v. Flota Mercante Grancolumbiana*, 577 F.2d 968, 986 (5th Cir. 1978) (by electing to proceed under Federal Rule of Civil Procedure 9(h) rather than diversity jurisdiction, a trial by jury may be precluded where it might otherwise have existed). Thus, if a plaintiff chooses to file in federal court an otherwise diverse case under admiralty jurisdiction, and invokes Rule 9(h)(1), then the plaintiff's intent for

---

[5] Plaintiff's actions since filing her complaint also evidence her intent to have a jury trial. As Plaintiff's unilateral pre-trial stipulation included a reference to a jury trial [D.E. 51]; during the January 15, 2009 status conference Plaintiff affirmed its desire for a jury trial [D.E. 59]; in its subsequent paper motion Plaintiff argued for a jury trial [D.E. 61]; during the March 5, 2009 pre-trial conference Plaintiff reaffirmed its desire for a jury trial; and in its current supplemental briefs Plaintiff argues for a jury trial [D.E. 80, 82]. Therefore, it is clear Plaintiff's intent was to have a jury trial.

admiralty jurisdiction and its rules will apply throughout the case. *Harrison v. Flota Mercante Grancolumbiana*, 577 F.2d 968, 986 (5th Cir. 1978); Fed. R. Civ. P. 9.

Here, however, Plaintiff purposefully did not file in federal court under admiralty jurisdiction, but filed instead in state court in part to secure a jury trial. At not time in this case has Plaintiff invoked Rule 9(h) or sought *in rem* relief available only in admiralty. Plaintiff has never affirmatively "elected" to proceed in admiralty; rather, Plaintiff has only pursued at law claims and remedies. Therefore, based on Plaintiff's choice of forum and avoidance of admiralty jurisdiction, this Court finds diversity jurisdiction is more appropriate in these circumstances.

It is true that as the Defendant removed this case from state to federal court in admiralty despite the "saving to suitors" clause, Plaintiff's waiver of this procedural defect means that the Court has the power to adjudicate this claim under 28 U.S.C. § 1333 in admiralty. But as the case progressed, the prerequisites for diversity jurisdiction were timely and properly met consistent with the exception to the time of filing rule, and we now have the power to adjudicate this matter under both diversity and admiralty jurisdiction. Thus, rather than adjudicating a claim for which it has no subject matter jurisdiction to hear, the Court may now choose which basis for jurisdiction is most appropriate under the unique facts of this case.

Furthermore, because independent grounds for jurisdiction exist, proceeding under diversity at this juncture, and providing a jury trial, will not expand the Court's jurisdiction nor grant jurisdiction where it otherwise would not exist. Indeed, this Court should not overstep the limits on its jurisdiction and exercise power it does not have over disputes Congress has not given this Court authority to decide. *See Keene*

*Corp. v. United States*, 508 U.S. 200, 207(1993) ("Congress has the constitutional authority to define the jurisdiction of the lower federal courts, and, once the lines are drawn, 'limits upon federal jurisdiction ... must be neither disregarded nor evaded.'") (internal citations omitted).  But, as the Court is not specifically confined or restricted to proceeding under admiralty, the Court in its discretion exercises its ability to proceed through diversity jurisdiction.

Support for our ruling is found in *Scurlock v. American President Lines, Ltd.*, 162 F. Supp. 78 (N.D. Cal. 1958).  In *Scurlock*, the plaintiff sustained personal injuries and brought a maritime negligence claim in state court to secure a jury trial. *Id*. at 79. Then, under diversity and admiralty grounds, defendant removed the case from state court to federal court sitting in admiralty. *Id*. Thereafter, the plaintiff moved to transfer the case from the admiralty docket to the civil docket as the case could be adjudicated under either basis of the court's subject matter jurisdiction. *Id*.  The defendant, however, argued that once a court determines its jurisdiction as admiralty the court is obligated to retain that admiralty jurisdiction throughout the case. *Id*. at 81.  The court ruled the defendant's argument was without merit. *Id*.  The court reasoned that, as plaintiff filed in state court for a jury trial, it should not lose this right by failing to remand where the court otherwise has diversity jurisdiction and can still properly adjudicate the claims. *Id*. at 82.

The circumstances of *Scurlock* are strikingly similar to ours.  Plaintiff filed an *in personam* maritime case in state court under the "saving to suitors" clause.  Then,

Defendant removed under admiralty jurisdiction.[6]  Plaintiff, by its procedural misstep, failed to remand the case and under the "saving to suitors" clause.  But, as in *Scurlock*, independent grounds for jurisdiction exist under diversity jurisdiction based on the posture of the case today.  Indeed, had the case been filed today, Plaintiff could have initiated this action in federal court under diversity jurisdiction.  Therefore, as the case is properly in federal court, the Court can choose to proceed under diversity jurisdiction.  As *Scurlock* explained, "the jurisdiction of the District Court, once it embraces a cause, is plenary, and may not be restricted or delimited." *Id* at 82.  While this case presently sits in admiralty, the Court has jurisdiction under diversity and can find no reason why it cannot move forward under diversity.

Additional support for our ruling flows from the Supreme Court's decision in *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699 (1972).  While *Grubbs* is somewhat factually dissimilar, the holding is illustrative and persuasive.  In *Grubbs*, plaintiff, a New York corporation, sued defendant, a Texas citizen, in Texas state court.  *Id.* at 700.  The defendant filed a cross-action against the United States government. *Id*. The government then petitioned for removal to federal court under 28 U.S.C. § 1444.  *Id.* at 701.  The parties assumed this removal applied to the entire action and no party

---

[6]In *Scurlock*, the defendant removed under admiralty and diversity jurisdiction. As explained earlier, however, the Court now has diversity jurisdiction.  Furthermore, in its current posture, Plaintiff could have filed in federal court under diversity at the beginning. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 16 (1951) ("There are cases which uphold judgments in the district courts even though there was no right to removal.  In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment.")

objected or filed for remand. *Id.* The district court ultimately tried the case and found for the defendant. *Id.*

On appeal, the Circuit Court found that the government's removal under §1444 was impermissible and that the court below lacked subject matter jurisdiction to adjudicate the matter. Therefore, the case was remanded to the state court in which it had originated. *Id.* at 702. However, the Supreme Court reversed this ruling because the defect in removal was harmless once the district court later determined it had jurisdiction under diversity, and the action could have originated in federal court on those diversity grounds. The Court in *Grubbs* reasoned:

> Longstanding decisions of this Court make clear ... that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

*Grubbs*, 405 U.S. at 702 (1972). Thus "*Grubbs* instructs that an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject matter jurisdiction are met at the time the judgment is entered." *Caterpiller Inc. v. Lewis*, 519 U.S. 61, 73 (1996).

Consistent with lone exception to the time of filing rule, on August, 25, 2008, this Court effectively gained jurisdiction under diversity jurisdiction. Now through this Order, we expressly conclude that we have diversity jurisdiction. Therefore, it is not error or improper for this Court to rule based on that jurisdiction. Thus, this action can be transferred to the "at law" docket of the Court and shall proceed under diversity jurisdiction.

Policy supports this result.  Fundamentally, this is a "saving to suitors" clause situation.  Providing a jury trial comports with the spirit of the law and reasoning behind this clause.  Generally, federal courts favor jury trials.  The Supreme Court has stated that "the federal policy favoring jury trials is of historic and continuing strength." *Simler v. Conner*, 372 U.S. 221, 222 (1963).  Furthermore, the "saving to suitors" clause attempts to preserve plaintiffs' common law remedies, including a jury trial.  For instance, In *J.J. Ryan*, cited by both Parties, the court discussed the historical significance and legislative intent of the clause:

> removal [will] interfere with the allocation of judicial power between the state and federal courts and deprive the plaintiff of his historic option to select a forum - factors which so bothered the majority in *Romero* - but, additionally, it would allow a defendant to interfere with the suitors very choice of remedies.  Any interference of this type would make the savings clause, which has been part of our law since the First Judiciary Act, mere surplusage.  It is indeed difficult to believe that Congress, in enacting and amending 28 U.S.C. § 1441, intended to completely emasculate so long-standing a right.

*J.J. Ryan & Sons, Inc., v. Continental Ins. Co.*, 369 F. Supp. 692 (D.S.C. 1974) (discussing the effects of improper removal).  Although this Court was not asked to rectify an improper removal through remand, the result here is analogous in that the Court can provide a remedy that the "saving to suitors" clause intended to protect.  By proceeding under diversity jurisdiction, this Court effectively saves to this suitor her "at law" remedy for a jury trial.  Accordingly, this Court asserts its discretionary power to proceed under diversity jurisdiction and grants Plaintiff's jury demand.

Finally, the Court's Order granting Plaintiff a jury trial in this case is not unduly prejudicial to the Defendant.  After removing the case to federal court, it was

the Defendant who formally invoked a demand for jury trial in the case. The pending motion effectively seeks to amend that Answer and strike Defendant's own prayer for a jury trial. But it is settled that the Plaintiff had the right to rely on Defendant's demand for a jury trial without making her own independent demand. *Southland Reship, Inc. v. Flegel*, 534 F. 2d 639 (5th Cir. 1976), *rehearing denied*, 539 F. 2d 710 (5th Cir. 1976); *Rachal v. Hill*, 435 F. 2d 59 (5th Cir. 1970). Therefore, the Court finds that both parties consented to a jury trial.

Defendant's motion now seeks to withdraw its jury demand. The Federal Rules of Civil Procedure do not permit such unilateral withdrawal of consent. Rule 38(d) applies where a right to a jury trial exists. Fed. R. Civ. P. 38(d). *See Alexander v. Chattahoochee Valley Cmty. Coll.*, 303 F. Supp. 2d 1289 (M.D. Ala. 2004). This rule states, "[a] proper demand may be withdrawn *only if the parties consent*." Fed. R. Civ. P. 38 (d) (emphasis added). This is necessary to protect the reliance that other parties may be placing on the demand. And Plaintiff has clearly not consented to Defendant's withdrawal of his jury demand. Therefore, the Defendant may not do so unilaterally. *See, e.g., Aerospace Marketing, Inc. v. Ballistic Recovery System, Inc.*, No. 2: 04-CV-242-FtM-29DNF, slip copy, 2005 WL 5960930, at *3 (M.D. Fla. May, 20 2005).

Admittedly, Rule 38(d) does not require consent if no right to a jury exists. Defendant has argued that Plaintiff has no right to a jury trial because the case sits on the "admiralty side" of this Court. *See Kramer v. Banc of America Securities, LLC*, 355 F. 3d 961 (7th Cir. 2004) (court permitted Defendant to withdraw its consent to jury trial unilaterally when there was no statutory right to a jury trial); *CPI Plastics,*

*Inc. v. USX Corp.*, 22 F. Supp. 2d 1373, 1378 (N.D. Ga. 1995) (granting motion to strike jury demand two weeks before trial and noting no prejudice because there was no right to a jury, and a bench trial would require less preparation than a jury trial.). However, these cases are inapposite because Plaintiff had a right to a jury trial by filing in state court and could continue to do so with the Court sitting in diversity.

Therefore, the Court finds that Defendant is not prejudiced by not striking the demand for jury trial.  Indeed, Plaintiff has a far stronger argument to make that she would be prejudiced if the Court decided at this late date to strike the demand for jury in a case where it has diversity jurisdiction and Plaintiff never sought to invoke admiralty jurisdiction or benefit therefrom.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiff's Demand for Jury Trial is **DENIED**.  Plaintiff's request for a binding jury trial is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of March, 2009.

EDWIN G. TORRES
United States Magistrate Judge